

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RODEO REALTY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES A. SANTANGELO; RODEO REAL ESTATE AND MORTGAGE; RODEO REALTORS; RODEO REALTORS AND MORTGAGE; RODEO INVESTMENTS; RODEO REAL ESTATE AND INVESTMENTS; CHARLES A. SANTANGELO d/b/a RODEO REAL ESTATE AND MORTGAGE; CHARLES A. SANTANGELO d/b/a RODEO REALTORS; CHARLES A. SANTANGELO d/b/a RODEO REALTORS AND MORTGAGE; CHARLES A. SANTANGELO d/b/a RODEO INVESTMENTS; CHARLES A. SANTANGELO d/b/a RODEO REAL ESTATE AND INVESTMENTS, and JUSTIN SHENKAROW, and ROSALIE SHENKAROW and Does 1 to 10.<br><br>Defendants. | Case No.: 2:11-cv-08372-RGK-~~AGRx~~<br><br>[ASSIGNED TO THE HONORABLE ALICIA G. ROSENBERG]<br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:   10-11-2011<br>Trial Date:   11-6-2012 |

NOTE CHANGES MADE BY THE COURT.

NOTE CHANGES MADE BY THE COURT.

1

**STIPULATED PROTECTIVE ORDER**

284110

Rodeo Realty, Inc. ("Plaintiff" or "RRI"), and its officers, directors, employees, affiliates, parents, subsidiaries, agents, and representatives, and CHARLES A. SANTANGELO; CHARLES A. SANTANGELO d/b/a RODEO REAL ESTATE AND MORTGAGE; CHARLES A. SANTANGELO d/b/a RODEO REALTORS; CHARLES A. SANTANGELO d/b/a RODEO REALTORS AND MORTGAGE; CHARLES A. SANTANGELO d/b/a RODEO INVESTMENTS; CHARLES A. SANTANGELO d/b/a RODEO REAL ESTATE AND INVESTMENTS, and Does 1 to 10 and their officers, directors, employees, affiliates, parents, subsidiaries, agents, and representatives ("Defendants" or "Santangelo") (collectively referred to as the "Parties"), anticipate that the discovery process in this case will involve documents and other information containing personal financial, medical, or credit related information or trade secrets or other confidential research, development, or personal or commercial information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c).

Accordingly, the Parties stipulate to the following Stipulation Governing the Designation and Handling of Confidential Documents and Information and request that the Court enter this Stipulation as an Order of the Court ("Stipulated Protective Order").

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. A party or third party may designate any document, data compilation, transcript, thing or information, including without limitation, written discovery responses (collectively "Material"), in whole or in part, as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Order, if counsel for such party in good faith believes that such Material contains or reveals information falling within the categories described below corresponding to such designations and could cause substantial harm to the Producing Party (herein defined as a person who produces Material in connection with this case) if disclosed to persons other than those designated in paragraphs 8 and 9 below.

///
///

1        (a) the designation "Confidential" may be used for any non-public confidential, proprietary, personally sensitive, commercially-sensitive, or trade secret information; and

      (b) the designation "Confidential – Attorneys' Eyes Only" shall be reserved for especially sensitive or confidential materials – such as mailing addresses, account numbers, account information, borrower-specific information, including private consumer information that contains identifying, contract or private financial information provided by a consumer to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information, including any "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq;* and d); computer programs, databases and source code; business financial information; personal financial related information; personal credit or credit score related information; medical and health care related information; marketing strategies; marketing expenditures; client lists; business forecasts; business plans and strategies and research regarding marketing and consumer behavior; and any other information the Producing Party can demonstrate is sufficiently sensitive that disclosure would reveal business, competitive, proprietary, personal, or financial information of the Producing Party.

Such designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If it is not practical to so mark the Material itself, a container for or a tag attached to the Material shall be so marked. The marking shall state: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or a

1 substantially similar legend (hereinafter "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as applicable). Nothing in this paragraph shall be construed as an express or implied agreement by the non-producing party that Material designated as "Confidential" or "Confidential-Attorneys Eyes Only" is confidential. However, Material so designated shall be treated in accordance with its designation, unless the non-producing party challenges the designation under Paragraph 7 below.

2. In lieu of marking the original of a document or the original of other Material CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to inspection, the producing party or its counsel may orally designate any document or other material being produced for inspection by counsel for a party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, thereby making it, and the information it contains, temporarily subject to this Order. However, each copy of such document or other material must be marked by the producing party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as required by this Order at the time it is subsequently delivered to receiving counsel in order to make the document and copies subject to this Order; provided, however, that all documents shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY and temporarily subject to this Order for ten (10) days from such delivery to permit the producing party to correct any inadvertent failure to mark delivered documents.

3. Information disclosed at a deposition may be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the following circumstances: (a) by indicating on the record during the deposition that the testimony is CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and subject to the provisions of this Order, in which case the court reporter will be directed to produce a separate, confidential transcript or to indicate on the caption page of the transcript that some or all of its contents are governed by this Order and by marking such pages containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES

ONLY; or (b) within ten (10) days following receipt of the transcript by counsel for the designating party, by notifying all parties in writing of the specific pages of the transcript that are to be treated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY thereafter.

    4.    Communication With Third Parties. To the extent any documents or information or discovery response, regardless of whether identified as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, or otherwise subject to this Order, contains identifying and/or contact information of, without limitation, a Party's clients, customers, medical, mental, or other health care practitioners or entities, financial consultants, financial advisers, bankers, accountants, tax advisers, tax consultants, relatives, and family members, and/or any entity or institution related to the foregoing ("Party Third Party" or "Party Third Parties"), notwithstanding the protections and requirements provided under the Federal Rules of Civil Procedure, the Parties, inclusive of counsel, shall not issue or serve upon, or send to, a Party's Third Party, a deposition or document subpoena, or otherwise demand a Party's Third Party to appear to testify, or provide documents, for purposes of, or relative to, this litigation, without at least five (5) business days prior written notice to counsel of the Party before serving the Party Third Party. Notice of the Party Third Party subpoenas contemplated in this paragraph shall be effective upon receipt between 9:00 a.m. and 5:00 p.m. PST. Service upon counsel of such notice by electronic mail (e-mail) shall constitute proper and sufficient service. Notice and service of such Notice shall only be deemed proper and effective if the written Notice includes a full and complete copy of the subpoena (with any attachments, documents requests, etc.) intended to be served upon the Party Third Party.

    5.    The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information

Case 2:11-cv-08372-RGK-AGR Document 48 Filed 04/11/12 Page 6 of 14 Page ID #:627

disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information not designated as such pursuant to paragraphs 1 through 4 shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Upon such notice, and receipt of substitute copies bearing the appropriate confidentiality legend, the receiving party shall return said documents and things and not retain copies thereof, and shall thereafter treat information contained in said documents and any summaries or notes thereof as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, as designated by the producing party, except to the extent such information has already been publicly disclosed, such as in a court filing.

      6.    If, in connection with this litigation any Party discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection provided ("Protected Information"), pursuant to Federal Rule of Evidence 502, the disclosure of such information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be able to assert with respect to the Protected Information and its subject matter. If a claim of privilege is made by a producing party with respect to Protected Information, the receiving party shall, within five (5) business days, return or destroy all copies of the Protected Information and provide a certification of counsel that all such Protected Information has been returned or destroyed. If the receiving party believes that it has received Protected Information, the receiving party shall notify the producing party within five (5) business days of the receipt of such information. The receiving party shall, within ten (10) business days, return or destroy all copies of the Protected Information and provide a certification of counsel that all such Protected Information has been returned or destroyed. The receiving party may request that the producing party produce a privilege log with respect to Protected Information,

1  which the producing party shall produce within ten (10) business days of any such
2  request or in a reasonable time frame if ten (10) business days is not sufficient time under
3  the circumstances. Any motion compelling production of Protected Information ~~shall be~~
4  ~~filed under seal and~~ shall not assert as a ground for its motion the fact or circumstance of
5  the disclosure of the Protected Information. Nothing in this paragraph shall limit the
6  right of any party to petition the Court for an in camera review of Protected Information.

7        7. Nothing in this Order shall be construed to prevent a party to this action at
8  any time from opposing the designation of materials as CONFIDENTIAL or
9  CONFIDENTIAL – ATTORNEYS' EYES ONLY. A party opposing the designation of
10 materials as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY
11 shall serve a written objection, including a statement of the grounds for the objection, on
12 the designating party. The designating party will have ten (10) days following the receipt
13 of the objection to withdraw its CONFIDENTIAL or CONFIDENTIAL –
14 ATTORNEYS' EYES ONLY designation. If the CONFIDENTIAL or
15 CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is not withdrawn, the
16 objecting party may move the Court, pursuant to the applicable requirements of Local
17 Rules 7-19 or 37, for an order removing the CONFIDENTIAL or CONFIDENTIAL –
18 ATTORNEYS' EYES ONLY designation. The designating party has the burden of proof
19 to establish the confidentiality of the CONFIDENTIAL or CONFIDENTIAL –
20 ATTORNEYS' EYES ONLY information.

21       8. "Confidential" Material – Material designated "Confidential" may only be
22 disclosed, summarized, described, or otherwise communicated or made available in
23 whole or in part, for the purposes set forth above, to the following persons:
24       a. attorneys of Michelman & Robinson, LLP and Buche & Associates,
25          PC;
26       b. no more than three (3) employees of each of the parties ("Party
27          Representative"), as necessary to provide assistance in the conduct and
28          evaluation of this Action, provided that each Party Representative shall be

identified by delivering to the Producing Party the name and position of the Party Representative in writing at least five (5) business days prior to such disclosure. If, within five (5) business days following receipt of such written identification, the Producing Party objects to such disclosure, the Party seeking disclosure must seek relief from the Court, pursuant to the applicable requirements of Local Rule 7-19 or Local Rule 37. No disclosure shall be made to that Party Representative until the Court has ruled.

c. The employees of counsel listed in 8(a) above (including partners, associates, paralegals, secretaries, legal assistants, and clerks) actually assisting such counsel in preparation of this case; provided, however, that such employees may have access to CONFIDENTIAL material only to the extent necessary to perform their duties;

d. Non-party experts or consultants retained to assist counsel of record in this case, subject to compliance with paragraph 10(a) below;

e. Court reporters involved in transcribing depositions or other proceedings in this litigation, provided that they agree to be subject to the terms of this Order and provided that they are provided CONFIDENTIAL information only to the extent necessary to perform the transcription;

f. Persons who were the author of or are shown to have lawfully received a copy of the Confidential information;

g. The Court;

h. ~~Court personnel involved with this case; and~~

i. ~~Members of the jury, if any, in this case.~~

9. "Confidential – Attorneys' Eyes Only" Material. Material designated "Confidential – Attorneys' Eyes Only" may be disclosed to only persons qualifying under paragraphs 8(a), 8(c), 8(d), 8(e), 8(f), or 8(g), ~~8(h), or 8(i)~~. Party Representatives designated in paragraph 8(b) shall not receive access to or disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY material, absent the written consent of the producing party

or order of the Court.

10. (a) Prior to disclosing any material designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to any person described in Paragraph 8(d) and 8(f) above, a party shall provide a written identification of any such person to the opposing party, setting forth the name of the person, his or her occupation, business address, and a curriculum vitae. The parties shall be allowed to disclose materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to such persons unless, within ten (10) days after the identification of the retained person has been provided to the opposing party, the opposing party objects to the disclosure of materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to the particular person. If objection to disclosure is made within the ten (10) days, the objecting party shall, no later than five (5) days after objection, comply with either Local Rule 7-19 or Local Rule 37 for purposes of seeking an order from the Court regarding the disclosure and the objecting party's objection thereto. If an objection is made and the objecting party proceeds pursuant to Local Rule 7-19 or Local Rule 37 to move the Court for an order prohibiting the disclosure at issue, no materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be made available to the particular person until after the Court rules that disclosure can be made. If the objecting party fails to timely proceed pursuant to Local Rule 7-19 or Local Rule 37 to move the Court for an order prohibiting the disclosure at issue, then materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY may be made available to the particular person, however the parties shall nevertheless continue to treat and deem such material as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS'-EYES-ONLY, as the case may be. Notwithstanding anything contained in this Order, discovery of experts will be governed by Federal Rule of Civil Procedure 26(b)(4).

(b) All persons authorized by Paragraph 8(d), 8(e), or 8(f) above to have access to material designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'

EYES ONLY must sign an Undertaking in the form of Exhibit A attached to this Order before gaining access to such material or information.

11. Each recipient of the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material. CONFIDENTIAL - ATTORNEYS' EYES ONLY material stored at the Parties is to be segregated from other produced documents, password protected, and only accessible to the Party Representatives or counsel as identified in Paragraph 8(a). *[handwritten insertion: Other than the Court,]*

12. Except upon consent of the designating party or upon order of the Court, any and all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY materials produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those materials, shall be used only for preparation and presentation of this action and for no other purpose whatsoever.

13. Any papers filed with or presented to the Court that contain or reveal materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be filed with an application to have the documents filed under seal in accordance with the procedures outlined in the Local Rules and shall not be publicly disclosed, or shall be appropriate redacted to ensure that no CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS'-EYES-ONLY information is disclosed to the public or any third party, except upon consent of the designating party or upon further order of the Court.

14. Within sixty (60) days after final determination of this action, all materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY that have been served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts,

284110

indices, summaries or any other embodiment of those materials, shall be destroyed or delivered to counsel for the designating party. Notwithstanding the above or the Undertaking in Exhibit A, counsel designated under paragraph 8(a) above may retain one copy of such material to maintain a complete file of the litigation; provided, however, that all further copies of CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY documents of the designating party shall be destroyed or delivered to counsel for the designating party.

15. If material or information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the opposing party and the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

16. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials that are otherwise beyond the scope of permissible discovery.

17. Nothing in this Order shall be construed to prevent a party or third party from seeking such further protective provisions regarding confidentiality, as may be appropriate.

18. Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

19. Nothing in this Order shall be construed to restrict a designating party in its use of its own CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY materials.

/ / /
/ / /
/ / /

**STIPULATED PROTECTIVE ORDER**
284110

20. This Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

**IT IS SO STIPULATED.**

Dated: April 6, 2012          MICHELMAN & ROBINSON, LLP

By: /s/ Torin A. Dorros
      Torin A. Dorros
      *Attorneys for Plaintiff*
      *Rodeo Realty, Inc.*

Dated: April 6, 2012          BUCHE & ASSOCIATES, P.C.

By: /s/ John K. Buche
      John K. Buche
      *Attorneys for Defendant*
      *Charles Santangelo, et al.*

**IT IS SO ORDERED.**

Dated: April 11, 2012          *Alicia G. Rosenberg*
      Honorable Alicia G. Rosenberg
      UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

284110

# EXHIBIT A

I, _____, declare and say that:

1. I am employed as [state position] _____ by [state name and address of employer] _____.

2. I have read the Protective Order entered in <u>RODEO REALTY, INC., v. CHARLES A. SANTANGELO., et al., Case No. 2:11-cv-08372-RGK-AGRx</u> and a copy of Protective Order has been given to me.

3. I agree to be bound by the terms of the Protective Order and agree that any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material within the meaning of the Protective Order will be used by me only in connection with the furtherance of the above-referenced litigation.

4. I agree that I will not disclose or discuss CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material with anyone other than the persons allowed access to such CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material as set forth in Paragraphs 8 and 9 of the Order.

5. I understand that any disclosure or use of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of the Court's Order.

6. I agree to return all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material to counsel who provided it to me upon the conclusion of this action.

///
///
///
///
///

284110

7. I agree to be subject in person to the rules and jurisdiction of this Court in connection with any proceeding relating to the enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this \_\_\_\_ day of _____ 20\_\_, at _____ [location].

_____
[NAME]